UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 24-cr-267 (DSD/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Yancy Hall, | |
| Defendant. | |

This matter is before the Court on Defendant Yancy Hall's ("Defendant" or "Hall") Motion for Government to Provide Grand Jury Testimony of Witnesses ("Motion") (Dkt. 19). For the reasons stated below, the Motion is denied.

On October 2, 2024, a United States Grand Jury charged Hall with one count of Discharging a Firearm During and In Relation to a Drug Trafficking Crime; two counts of Felon in Possession of a Firearm; one count of Possession with Intent to Distribute Methamphetamine; one count of Possession with Intent to Distribute Fentanyl and Cocaine; one count of Possession with Intent to Distribute Heroin; and one count of Possessing a Firearm in Furtherance of a Drug Trafficking Crime. (Dkt. 1.) Following Hall's arraignment, the Court set an October 31, 2024 deadline for filing motions on and a December 3, 2024 date for a hearing on any such motions. (Dkt. 15.) On October 31, Hall filed the present Motion. (Dkt. 19.) On December 3, 2024, the Court held the hearing on the Motions. Evan Gilead, Assistant U.S. Attorney, appeared on behalf of the

Government, and Kevin DeVore appeared on behalf of Hall, who was present at the hearing.

The Motion requested that the Court order the Government to provide Hall "the Grand Jury testimony of any witness who will testify at the suppression hearing or trial." (Dkt. 19.)

The Government opposes the Motion. (Dkt. 20.) First, the Government argues that an order disclosing grand jury testimony requires a particularized need for such material, which the Motion fails to show. (*Id.* at 1-2.) Second, the Government contends that the Motion is essentially seeking early disclosure of Jencks Act material, but that Act requires disclosure only after the witness has testified. (*Id.*) The Government further states that "consistent with local practice and by agreement, the Government will provide Hall with relevant transcripts and other statements of witnesses the Government intends to call during its case-in-chief seven days before trial (in accordance with the Court's arraignment order)." (*Id.* at 2.)

The Jencks Act provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500. While this Court has encouraged the Government to disclose Jencks Act material prior to trial (Dkt. 15 ¶ 11), the Eighth Circuit has repeatedly held that the Government cannot be required to make pretrial disclosure of that material, *see, e.g.*, *United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984). However, a district court may

2

allow such a disclosure of grand jury testimony if a showing of a "particularized need" is made. *See United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958); *United States v. Sileven*, 985 F.2d 962, 965 (8th Cir. 1993) (per curiam).

Here, the Government's arguments are correct. First, the Jencks Act's protections encompass statements made to a grand jury. *See United States v. Green*, 141 F.3d 1111, 1114-15 (8th Cir. 1998). Further, outside of his sole demand for disclosure of grand jury transcripts, Hall's Motion does not include any additional argument or showing that early disclosure of the grand jury testimony in this case is needed. Without more than a "bare allegation," a defendant "does not satisfy the 'particularized need' requirement." *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) (quoting *United States v. Warren*, 16 F.3d 247, 253 (8th Cir. 1994)). Here, the Motion includes only a "bare allegation" that does not qualify as "particularized need" for early disclosure.

However, the Government has stated, consistent with local practice, that it will provide Hall with relevant transcripts and other statements of witnesses the Government intends to call during its case-in-chief at least seven days before trial. During the December 3, 2024 hearing, Hall confirmed that he has no objection to this approach, effectively mooting the Motion. The Court therefore denies the Motion. This does not alter the Government's obligations with respect to material required to be disclosed by *Brady v. Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972). The Court expects and orders the Government to comply with those obligations.

Further, as discussed at the hearing, Hall has not had the opportunity to review discovery in this case as the USB drive containing the discovery still has not been

3

provided to him at his place of pretrial detention.  If Hall and his lawyer believe additional motions are appropriate after review of the discovery and further consultation, the Court will entertain any necessary motion for a continuance.

For all these reasons, and based on all the files, records, and proceedings herein,

**IT IS ORDERED THAT:** Defendant Yancy Hall's Motion for Government to Provide Grand Jury Testimony of Witnesses (Dkt. 19) is **DENIED.**

Dated: December 6, 2024             *s/Elizabeth Cowan Wright*
                                    ELIZABETH COWAN WRIGHT
                                    United States Magistrate Judge