```
               UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
```

UNITED STATES OF AMERICA,

                                           Case No. 24-cr-267 (DSD/ECW)

        Plaintiff,

 v.                                          **PRELIMINARY ORDER**
                                              **OF FORFEITURE**

YANCY HALL,

        Defendant.

Based on the United States' motion for a Preliminary Order of Forfeiture; on the Plea Agreement entered into between the United States and Defendant Yancy Hall; and on the Court having found that certain property is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), the United States has established the requisite nexus between such property and the offenses to which the Defendant has been found guilty, **IT IS HEREBY ORDERED** that:

    1.   The Motion for a Preliminary Order of Forfeiture (ECF No. 35) is **GRANTED**;

    2.   The following property is forfeited to the United States pursuant to 18 U.S.C. § 924(d)(1) in conjunction with 28 U.S.C. § 2461(c):

        a. a Beretta PX4 Storm 9-millimeter semi-automatic pistol, bearing serial number PX5533S;

        b. a Kel Tec P-11, 9-millimeter semi-automatic pistol bearing serial number AGL18;

      c. a Kel-Tec P-32, .32 caliber semi-automatic pistol bearing serial number D4M66; and

      d. accessories and ammunition seized therewith (collectively, "the Property");

3. The Attorney General or her authorized designee may seize and maintain custody and control of the Property pending the entry of a Final Order of Forfeiture;

4. The United States shall, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), publish and give notice of this Order and its intent to dispose of the Property in such manner as the Attorney General may direct;

5. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, and shall be made a part of the sentence and included in the judgment;

6. Following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the Property and may warrant good title to any subsequent purchaser or transferee; and

7. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).


Dated: April 21, 2025          /s David S. Doty
                               David S. Doty, Judge
                               United States District Court